## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

PHARMSAVER LLC,

               Plaintiff,

      v.                         Case No.  23-cv-00504

EZRIRX LLC and EZRIEL GREEN,

               Defendants.

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants EzriRx LLC and Ezriel Green (collectively, "Defendants"), by and through undersigned counsel and pursuant to Rule 12(b)(6) move to dismiss Plaintiff Pharmsaver LLC's Amended Complaint (ECF 10) for failure to state a claim.

Plaintiff Pharmsaver LLC asserts six causes of action against Defendants, alleging: violation of the Lanham Act (Count I), violation of the Florida Deceptive and Unfair Trade Practices Act (Count II), misleading advertising (Count III), unfair competition (Count IV), defamation (Count V), and tortious interference (Count VI). Plaintiff alleges that it suffered damages related to an advertisement EzriRx LLC published online.  Plaintiff fails to state a claim for which any relief can be granted, as its allegations are mere bare-bones recitals of the elements of each cause of action, and thus Plaintiff's Complaint should be dismissed.

1

## BACKGROUND

Plaintiff alleges that on February 23, 2023, Defendants made an online advertisement that falsely represented Plaintiff's business.  Amended Compl. ¶ 18–22.  The advertisement was on the internet for only a few days.  Plaintiff further alleges that as a result of the advertisement, it suffered damages.  *See id.* ¶ 25.  The advertisement at issue encouraged consumers to switch from Plaintiff to EzriRx by stating that they would save money.

## ARGUMENT

### I.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANTS.

Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ P. 8(a).  To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "more than labels or mere conclusions" or "a formulaic recitations of the elements of a cause of action." *Id.* at 555.  A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, the "complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face." *Id.* (citation and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the Court must construe the allegations contained in Plaintiff's Complaint in the light most favorable to Plaintiff, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *see also Freeman v. Sec'y Dep't of Corr.*, 679 F. App'x 982, 982 (11th Cir. 2017).

### A. Plaintiff Fails to State a Claim for Violation of the Lanham Act.

Plaintiff alleges that Defendants engaged in false advertising in violation of the Lanham Act. *See* Compl. ¶¶ 1, 26–30. But the Complaint lacks sufficient allegations of the essential required elements. To state a false advertising claim under the Lanham Act, a plaintiff must allege:

> (1) the ads of the [defendant] were false or misleading, (2) the ads deceived, or had the capacity to deceive, consumers, (3) the deception had a material effect on purchasing decisions, (4) the misrepresented product or serve affects interstate commerce, and (5) the [plaintiff] has been—or is likely to be—injured as a result of the false advertising.

*Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1308 (11th Cir. 2010).

While Plaintiff's claim centers on the alleged implied message of Defendants' advertisement that Plaintiff is ripping people off (Compl. ¶ 20), Plaintiff does not

plead facts showing that this allegedly implied message is false or misleading or was actually transmitted to its consumers.   Moreover, Plaintiff does not put forth any facts showing that this alleged misleading statement had a material effect on any consumers' purchasing decisions.   Rather, Plaintiff only offers unsupported statements that the ad "had or will have a material impact on the decisions by end users."   Compl. ¶ 28.   Conclusory allegations such as these will not prevent dismissal.

**B.  Plaintiff's State Law Claims Are Deficient and Fail to Plead Essential Elements.**

    1. <u>Because Plaintiff's Lanham Act Claim Fails, So Must Its State Law Claims.</u>

Plaintiff bases its state law claims of violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), misleading advertising, unfair competition, and tortious interference on the same factual allegations as Plaintiff's Lanham Act claim.   Thus, they are insufficiently plead and otherwise fail to state a claim for the same reasons as discussed above.   *See, e.g., Ameritox, Ltd. Millennium Labs., Inc.*, No. 8:11-cv-775-T-24-TBM, 2012 WL 33155, at *4 (M.D. Fla. Jan. 6, 2017) (dismissing common law unfair competition claim based on false advertising because plaintiff failed to state a Lanham Act claim); *Natural Answers, Inc. v. SmithKline Beecham, Corp.*, 529 F.3d 1325, 1332-33 (11th Cir. 2008) ("[Where a party] is unable to bring an unfair competition claim under the Lanham Act, . . .  it

4

follows that the common law claims based on unfair competition and trademark infringement must fail as well."); *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1342 (S.D. Fla. 2011) ("[A]lthough a plaintiff ordinarily may plead in the alternative, here, if Plaintiff cannot prevail with his [FDUTPA claim], he cannot prevail on his unjust enrichment claim."); *Prohias v. Pfizer, Inc.*, 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007) (dismissing unjust enrichment claim premised on misrepresentations of a product's qualities); *Prohias v. AstraZeneca Pharm., L.P.*, 958 So. 2d 1054, 1056 (Fla. 3d DCA 2007) (affirming dismissal of FDUTPA and unjust enrichment claims).

2. <u>Plaintiff Fails to State a Claim for Violation FDUTPA.</u>

Plaintiff has not pled facts sufficient to show that it is entitled to relief as it relates to its claim for violation of FDUTPA.  A claim for violations of FDUTPA must be plead with particularity pursuant to Rule 9(b).  *See FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011). To state a claim for relief under FDUTPA, "Plaintiff must allege that Defendants engaged in a deceptive act or practice in trade <u>and</u> that Plaintiff is a person 'aggrieved' by the deceptive act or practice." *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1348–49 (S.D. Fla. 2009) (emphasis added, citing § 501.211, Fla. Stat.). "[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v.*

*Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)).

Rule 9(b) requires Plaintiff to plead with particularity the "who, what, when, where and how" of the alleged deceptive or unfair activity and all other elements of the claim. *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). Thus, Plaintiff also "must allege sufficient facts to show [it] was actually aggrieved by [the alleged] unfair or deceptive act committed by [Defendant]." *Sunoptic Tech., LLC v. Integra Luxtec, Inc.*, No. 3:08-cv-878-J-16JRK, 2009 WL 722320, at *4 (M.D. Fla. Mar. 18, 2009); *see also Carriuolo v. Gen. Motors LLC*, 72 F. Supp. 3d 1323, 1325 (S.D. Fla. 2014).

As an initial matter, Plaintiff fails to identify the who, what, when, where, and how of the deceptive activity. For that reason alone, Plaintiff's claims fail. Plaintiff likewise offers no facts that come remotely close to being within the realm of possibly being unfair or deceptive. The standard for deception "requires a showing of 'probable, not possible, deception' that is 'likely to cause injury to a reasonable relying consumer.'" *Friedman v. Am. Guardian Warranty Servs., Inc.*, 837 So. 2d 1165, 1166 (Fla. 4th DCA 2003) (quoting *Millennium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen.*, 761 So. 2d 1256, 1263 (Fla. 3d DCA 2000)). While Plaintiff claims that statements in Defendants' advertisement were inaccurate and deceptive, mere puffery or opinion cannot form the basis of a FDUTPA claim. *See*

*See Aprigliano v. Am. Honda Motor Co.*, 979 F. Supp. 2d 1331, 1341 (S.D. Fla. 2013) ("boastful statements of opinion and sales talk ... are merely aspirational goals and not [actionable] statements of fact").

Moreover, Plaintiff has not suffered "actual damages" as required under FDUTPA. *See* § 501.211(2), Fla. Stat.; *Kia Motors Am. Corp. v. Butler*, 985 So. 3d 1133, 1139 (Fla. 3d DCA 2008) (FDUTPA class claim failed both on causation and actual damages). This is especially true because the advertisement was only online for a few days. Plaintiff has entirely failed to plead that it incurred any "actual damages." This is fatal to Plaintiff's claim. Accordingly, Plaintiff's FDUTPA claim must be dismissed.

3. <u>Plaintiff Fails to State a Claim for Misleading Advertising.</u>

Just as its other claims, Plaintiff's claim for misleading advertising also fails to state a claim. A claim for misleading advertising it subject to the heightened pleading standards of Rule 9(b). *See Simpson v. FWM Laboratories, Inc.*, No. 09-61771-CIV, 2010 WL 1257714, at *2 (S.D. Fla. Mar. 29, 2010) (applying Rule 9(b) in considering whether the plaintiffs stated a claim for statutory misleading advertising under Florida law).

> A consumer party may state a claim for statutory misleading advertising under Florida law by pleading that the party relied on some identifiable alleged misleading advertising plus, where appropriate, all of the other elements of the common law tort of fraud in the inducement, as follows: (a) the representor made a misrepresentation of a material fact; (b) the representor knew or should have known of the falsity of the statement;

(c) the representor intended that the representation would induce another to rely and act on it; and (d) the plaintiff suffered injury in justifiable reliance on the representation. The pleader must also allege that the representor's representation was made with the intent or purpose, either directly or indirectly, of selling or disposing of real or personal property, services of any nature whatever, professional or otherwise, or to induce the public to enter into any obligation relating to such property or services.

*Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F. Supp. 2d 1314, 1322 (M.D. Fla. 2007).  While reliance is a necessary element when the plaintiff is a consumer, it is not when the plaintiff is a competitor.  *See id.*

Here, Plaintiff does nothing more than plead the elements of the claim in a few short paragraphs; offering nothing more than boilerplate conclusory allegations. Bare bone allegations come nowhere near satisfying the heightened requirement of Rule 9(b).

4. <u>Plaintiff Fails to State a Claim for Unfair Competition.</u>

A claim for unfair competition requires a party to plead: "(1) deceptive or fraudulent conduct of a competitor and (2) likelihood of consumer confusion." *Id.* at 1324.  All Plaintiff pleads in support of this claim are the elements of a claim for unfair competition. *See* Compl. ¶¶ 43–44.  A mere recital of the elements of a claim is insufficient to state a cause of action. Therefore, Plaintiff's claim for unfair competition should be dismissed.

5. <u>Plaintiff Fails to State a Claim for Defamation.</u>

To state a claim for defamation, Plaintiff must plead: "(1) the defendant published a false statement; (2) about the plaintiff; (3) to a third party; and (4) that the falsity of the statement caused injury to the plaintiff." *Rubinson v. Rubinson*, 474 F. Supp. 3d 1270, 1274 (S.D. Fla. 2020) (citation and quotations omitted). A publication will constitute libel per se when "considered alone and without innuendo, it (1) charges that a person has committed an infamous crime; (2) tends to subject one to hatred, distrust, ridicule, contempt or disgrace; or (3) tends to injure one in his trade or profession." *Id.* (quoting *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015). Where the statement concerns one of opinion, it cannot be said to be defamatory. *See Markle v. Markle*, No. 8:22-cv-511-CEH-TGW, 2023 WL 2711341 (M.D. Fla. Mar. 30, 2023).

Here, Plaintiff alleges that Defendants' advertisement was defamatory per se because it "suggested that Plaintiff has engaged in dishonest or illegal acts in connection with the commercial service that it offers." Compl. ¶ 49. Plaintiff alleges that these statements damaged its reputation. *Id.* ¶ 50. First, any statements contained in Defendants' advertisement were pure opinion statements, and thus are not actionable. Moreover, Plaintiff fails to identify how its reputation has been damages as a result of Defendants' advertisement. And that is because Plaintiff cannot identify any damage because the advertisement was not defamatory and was

only online for a few days. Because Plaintiff fails to offer anything more than conclusory recitals of the elements of a claim for defamation, his claim fails.

### 6. Plaintiff Fails to State a Claim for Tortious Inference.

A claim for tortious interference with a contractual or business relationship requires: "(1) the existence of a business relationship between the plaintiff and a third party; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damages resulting from the defendant's interference." *Hill Dermaceuticals v. Anthem*, 228 F. Supp. 3d 1292, 1301 (M.D. Fla. 2017). The asserted business relationship must be an "identifiable consumer." *Id.* It is "well-settled that a business relationship [or prospective relationship] with the general consuming public is not protected." *Id.* (citing *N. Am. Van Lines, Inc. v. Ferguson Transp., Inc.*, 639 So. 2d 32, 33 (Fla. 4th DCA 1994), *aff'd*, 687 So. 2d 831 (Fla. 1996)). The business relationship must also afford the plaintiff existing or prospective legal or contractual rights. *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1995). Plaintiff's Complaint lacks sufficient factual allegations as to these elements.

First, Plaintiff's Complaint lacks factual allegations that Defendants *intentionally* and *unjustifiably* interfered with an *identifiable customer* or prospective customer. Plaintiff does not identify a single contract or business entity with which it had or has a relationship through its website and with whom Plaintiff

alleges Defendants intentionally interfered. Plaintiff does not even allege that Defendants' alleged conduct actually interfered with any business relationship. And this is quite telling. Instead, Plaintiff's allegations simply mirror the elements of the claims, offering nothing more than conclusory allegations. Such barebones allegations do not survive dismissal.[1]

Second, allegations of "nothing more than a relationship with the consuming public at-large" are insufficient to state a claim. *See Hill Dermaceuticals*, 228 F. Supp. 3d at 1301–02 (dismissing claim where plaintiff only alleged it "sells, and has sold, TOLAK to consumers" and that the defendant has interfered with these consumers' abilities to purchase the drug); *Dunn v. Air Line Pilots Ass'n*, 193 F.3d 1185, 1191 (11th Cir. 1999) (holding that claim requires "a relationship with a particular party, and not just a relationship with the general business community"). Plaintiff's alleged relationships with *unidentified* pharmacists amounts to "nothing more than a relationship with the consuming public at-large." *Hill Dermaceuticals*, 228 F. Supp. 3d at 1301–02.

---

[1] *See, e.g., Gwynn v. Rabco Leasing, Inc.*, No. 8:09-cv-2093-T-23TGW, 2010 WL 11507684, at *3 (M.D. Fla. Jan. 21, 2010) (dismissing claim because "plaintiff alleges no identifiable business relationship that suffered as a result of the defendants' alleged interference"); *Bortell v. White Mountains Ins. Group, Ltd.*, 2 So. 3d 1041, 1048 (Fla. 4th DCA 1994) (affirming dismissal because plaintiff failed to identify "any actual clients with whom [the plaintiff] had an agreement which in all likelihood would have been completed but for the defendants' interference."); *Sarkis v. Pafford Oil Co.*, 697 So. 2d 524, 526 (Fla. 1st DCA 1997) (affirming dismissal where plaintiff did not identify "the customers who were the subject of the alleged interference").

Third, Plaintiff has not alleged an "actual and identifiable understanding or agreement" that afford Plaintiff "existing or prospective legal or contractual rights." *Ethan Allen*, 647 So. 2d at 814–15 (holding that the plaintiff could not maintain a claim where it had no identifiable agreement with its past customers that they would return to purchase furniture from it in the future).  A mere offer to sell does not give rise to sufficient legal rights to support a claim of interference with a business relationship or expectancy.  *See id.* at 814.  Nor may the "*mere hope* that some of [plaintiff's] past customers *may* choose to buy again . . . be the basis for a tortious interference claim."  *Id.* at 815 (emphasis added).

Finally, because Plaintiff does not name an identifiable customer, it cannot sufficiently allege that Defendants knew of the business relationship and intentionally interfered.  Plaintiff's boilerplate allegation that Defendants interfered with Plaintiff's relationships with pharmacists and wholesalers, does not satisfy Rule 8(a).  *See* Compl. ¶ 54.

### C. Plaintiff Fails to Plead Entitlement to Punitive Damages.

To recover punitive damages, Plaintiff must plead "specific acts committed by the defendant showing intentional misconduct or gross negligence."  *Bicz v. Colliers Int'l Detroit, LLC*, No. 8:17-CV-1840-T-17cpt, 2019 WL 4714373, at *6 (M.D. Fla. Sept. 10, 2019), *rep. and rec. adopted sub nom.*, No. 8:17-CV-1840-Eak-Cpt, 2019 WL 4696387 (M.D. Fla. Sept. 26, 2019).  "[M]erely setting forth conclusory

allegations in the complaint is insufficient to entitle a claimant to recover punitive damages." *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1341 (11th Cir. 2001). Here, as discussed above, Plaintiff does nothing more than set forth conclusory allegations and claims that those conclusory allegations entitle it to punitive damages. But that is not so. Because Plaintiff has plead no facts demonstrating Defendants acted with intentional misconduct or gross negligence, its claim for punitive damages should be dismissed. *See D.L. v. Youth Services Int'l, Inc.*, No. 10-61902-Civ, 2011 WL 13216918, at *11 (S.D. Fla. Apr. 21, 2011) (dismissing claim for punitive damages where plaintiff failed to allege facts demonstrating defendants acted with "intentional misconduct" or "gross negligence").

## CONCLUSION

For these reasons, Defendants respectfully request that this Court dismiss Plaintiff's Complaint in its entirety because it fails to state a claim upon which relief can be granted.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), counsel for Defendants EzriRx LLC and Ezriel Green conferred with counsel for Plaintiff Pharmsaver LLC. Counsel for Plaintiff opposes this Motion.

Dated:        April 28, 2023

By:  /s/ Stephanie Moran Sciortino

Rachel L. Forman, Esq.
Stephanie Moran Sciortino, Esq.
Citigroup Center
SHOOK, HARDY & BACON L.L.P
201 S. Biscayne Blvd., Suite 3200
Miami, FL 33131
T: 305-358-5171
F: 305-358-7470
rforman@shb.com
ssciortino@shb.com

*Attorneys for Defendants EzriRX LLC and
Ezriel Green*