# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
## Case No.: 23-cv-00504

PHARMSAVER LLC,

                *Plaintiff,*

   -against-

EZRIRX, LLC and EZRIEL GREEN,

                *Defendants.*

Andrew K. Levi, Esq.
Florida Bar No.: 48774
**LEHR LEVI & MENDEZ P.A.**
1401 Brickell Avenue, Suite 910
Miami, FL 33131
Telephone: 305-377-1777
Fax: 305-377-0087
E-mail: alevi@llmlawfirm.com

    -and-

Jeffrey M. Eilender, Esq. (*pro hac vice*)
Samuel L. Butt, Esq. (*pro hac vice*)
**SCHLAM STONE & DOLAN LLP**
26 Broadway
New York, NY 10004
Telephone: 212-344-5400
Fax: 212-344-7677
E-mail: jeilender@schlamstone.com
E-mail: sbutt@schlamstone.com

*Attorneys for Plaintiff PharmSaver LLC*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT.................................................................1

FACTS..........................................................................................3

ARGUMENT ..................................................................................5

A.  Plaintiff Sufficiently Alleges A Violation Of The Lanham Act
(Count I) ...............................................................................5

B.  PharmSaver's State Law Claims Survive Because Its Lanham Act
Claim Is Plausibly Alleged.......................................................8

C.  PharmSaver States A Claim For Violation Of FDUTPA.......................9

D.  Plaintiff Sufficiently Alleges Its Claim For Misleading Advertising..14

E.  Plaintiff Has Alleged Common Law Unfair Competition .................15

F.  Plaintiff States A Claim For Defamation............................................15

G.  PharmSaver Alleges Tortious Interference...........................................18

H.  Leave To Amend Should Be Granted...................................................20

CONCLUSION ..............................................................................200

## TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Alan v. Wells Fargo Bank, N.A.*,
  604 Fed. Appx. 863 (11th Cir. 2015) ....................................................18

*Allison v. Parise*,
  No. 8:12-CV-1313-T-17EAJ, 2013 WL 877111 (M.D. Fla. Mar. 8, 2013) ..........20

*Altor Locks, LLC v. Proven Indus., Inc.*,
  No. 8:22-CV-597-MSS-TGW, 2022 WL 17987073
  (M.D. Fla. Oct. 18, 2022) ..........................................................6, 11, 12

*B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*,
  No. 16-62364-CIV, 2017 WL 8751753 (S.D. Fla. Feb. 10, 2017) ......................10

*Bauer as next friend of E.B. v. Chronister*,
  618 F. Supp. 3d 1334 (M.D. Fla. 2022) ................................................20

*CareerFairs.com v. United Bus. Media LLC*,
  838 F. Supp. 2d 1316 (S.D. Fla. 2011) .................................................13

*Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cty., Inc.*,
  169 So. 3d 164 (Fla. 4th DCA 2015) ...................................................10

*Carriuolo v. Gen. Motors Co.*,
  823 F.3d 977 (11th Cir. 2016) .........................................................10

*Daniels v. HSN, Inc.*,
  No. 818CV3088T24JSS, 2020 WL 533927 (M.D. Fla. Feb. 3, 2020).......... 17, 18

*Donald Frederick Evans and Assoc. v. Continental Homes, Inc.*,
  785 F.2d 897 (11th Cir. 1986)..........................................................15

*Eli Lilly & Co. v. Tyco Integrated Sec., LLC*,
  No. 13-80371-CIV, 2015 WL 11251732 (S.D. Fla. Feb. 10, 2015) ....................12

*Fortson v. Colangelo*,
  434 F. Supp. 2d 1369 (S.D. Fla. 2006) ................................................16

*Gilead Scis., Inc. v. AJC Med. Grp., Inc.*,
  No. 20-24523-CIV, 2021 WL 8534243 (S.D. Fla. Nov. 29, 2021) .......................8

*Girard v. S/V"Doubletime",*
   No. 11-10045-CIV, 2011 WL 13319139,at *3 (S.D. Fla. Oct. 17, 2011) .............17

*Grayson v. No Labels, Inc.,*
   601 F. Supp. 3d 1251 (M.D. Fla. 2022) .................................................................18

*Guerrero v. Target Corp.,*
   889 F. Supp. 2d 1348 (S.D. Fla. 2012) .................................................................11

*Hill Dermaceuticals, Inc. v. Anthem, Inc.,*
   228 F. Supp. 3d 1292 (M.D. Fla. 2017) ......................................................... 18, 19

*Info Sys. & Networks Corp. v. City of Atl.,*
   281 F.3d 1220 (11th Cir. 2002) .............................................................................16

*Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.,*
   299 F.3d 1242 (11th Cir. 2002) ...........................................................................6, 7

*McNider Marine, LLC v. Cain & Daniels, Inc.,*
   No. 817CV2561T24JSS, 2018 WL 1382768 (M.D. Fla. Mar. 19, 2018) ............13

*Millenium Labs., Inc. v. Universal Oral Fluid Labs., LLC,*
   No. 8:11-CV-1757-MSS-TBM, 2012 WL 12906334 (M.D. Fla. Aug. 2, 2012)..14

*Nat'l Basketball Ass'n v. Motorola, Inc.,*
   105 F.3d 841 (2d Cir.1997) .....................................................................................7

*New England Lead Burning Co., Inc. v. Doral Imaging Inst., LLC,*
   No. 12-23883-CIV, 2013 WL 12149620 (S.D. Fla. Dec. 31, 2013).....................12

*North American Medical, Corp. v. Axiom Worldwide, Inc.,*
   522 F.3d 1211 (11th Cir. 2008) ...............................................................................6

*Omni Healthcare, Inc. v. Health First, Inc.,*
   No. 6:13-CV-1509-ORL, 2015 WL 275806 (M.D. Fla. Jan. 22, 2015) ...............13

*Platinum Properties Inv. Network, Inc. v. Sells,*
   No. 18-CV-61907, 2019 WL 3940153 (S.D. Fla. Aug. 21, 2019)........................14

*Regent Grand Mgmt. Ltd. v. Tr. Hosp. LLC,*
   No. 18-21445-CIV, 2018 WL 8334080 (S.D. Fla. Dec. 14, 2018).............. 7, 9, 15

*Regions Bank v. Kaplan*,
 No. 12-CV-1837-T-17MAP, 2013 WL 1193831 (M.D. Fla. Mar. 22, 2013) .......20

*Risk Insurance and Reinsurance Solutions v. R + V Versicherung*,
 2007 WL 9700868 (S.D. Fla. June 6, 2007).........................................................18

*Solis v. Okeechobee Shooting Sports, LLC*,
 No. 19-14440-CIV, 2020 WL 3089094 (S.D. Fla. Mar. 26, 2020)......................17

*Sovereign Military Hospitaller Order of Saint John of Jerusalem of Rhodes & of
 Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of Saint John of
 Jerusalem, Knights of Malta, Ecumenical Order*,
 702 F.3d 1279 (11th Cir. 2012)..............................................................................9

*Star-Brite Distrib., Inc. v. Gold Eagle Co.*,
 No. 14-61841-CIV, 2016 WL 4470093 (S.D. Fla. Jan. 25, 2016).........................5

*Star-Brite Distrib., Inc. v. Kop-Coat, Inc.*,
 664 F. Supp. 2d 1246 (S.D. Fla. 2009) ...................................................................6

*Suntree Techs., Inc. v. Ecosense Int'l, Inc.*,
 693 F.3d 1338 (11th Cir. 2012)...............................................................................9

*United States ex rel. Zafirov v. Fla. Med. Assocs. LLC*,
 No. 19-CV-1236-KKM-SPF, 2021 WL 4443119 (M.D. Fla. Sept. 28, 2021) .....20

*Webster v. Dean Guitars*,
 955 F.3d 1270 (11th Cir. 2020).............................................................................15

*Westgate Resorts, Ltd. v. Castle Law Group, P.C.*,
 No. 6:17-cv-1063, 2020 WL 264676 (M.D. Fla. Jan. 2, 2020)............................10

*Westgate Resorts, Ltd. v. Reed Hein & Assocs., LLC*,
 No. 6:18-cv-1088, 2018 WL 5279156 (M.D. Fla. Oct. 24, 2018) ...................9, 11

*Wyndham Vacation Ownership, Inc. v. Miller*,
 2019 WL 5394074 (M.D. Fla. Oct. 11, 2019) .........................................................6

*Ziemba v. Cascade Int'l, Inc.*,
 256 F.3d 1194 (11th Cir. 2001)..............................................................................12

**Statutes**

15 U.S.C. § 1125(a)..................................................................................1, 5

Fla. Stat. § 501.203(8)....................................................................................9

Fla. Stat. § 501.204 ........................................................................................1

Fla. Stat. § 501.204(1)....................................................................................9

**Rules**

Fed. R. Civ. P. 12(b)(6) .................................................................................1

Plaintiff PharmSaver LLC ("PharmSaver") submits this Memorandum of

Law in opposition to Defendants EzriRx LLC's ("EzriRx") and Ezriel Green's

("Green" and with EzriRx, "Defendants") motion to dismiss PharmSaver's

Amended Complaint ("Compl.", ECF 10) pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

This is an action for false advertising in violation of the Lanham Act, 15

U.S.C. § 1125(a), and the Florida Deceptive and Unfair Trade Practices Act

("FDUTPA"), Fla. Stat. § 501.204, as well as for common law unfair competition,

misleading advertising, defamation, and tortious interference with business

relations. Briefly, Plaintiff maintains a website which enables independent

pharmacies to obtain analytical information to obtain the most cost effective and

efficient orders from wholesalers. EzriRx (which is wholly controlled by Green) is

a competitor of Plaintiff's. Since at least February 23, 2023 until at least March 5,

2023, Defendants posted a Google sponsored ad maliciously and falsely attacking

PharmSaver by stating that PharmSaver "rips off" its customers.  The ad's

statement is a blatant falsehood because, in the first instance, the independent

pharmacies that use its platform do not pay for the service and thus could not be

"rip[ped] off."   Instead, the service that PharmSaver provides to independent

pharmacists is paid for by the wholesalers.

1

There is also nothing deceptive, dishonest or unfair about the services that Plaintiff provides to the independent pharmacists who join its network. Quite the opposite is true. The independent pharmacists greatly benefit by saving substantial money by ordering their drugs and other products through the Plaintiff's website.

Defendants' motion to dismiss should be denied in its entirety because PharmSaver has plausibly alleged both that the advertisement's statement about PharmSaver ripping off customers is false, and those statements about the prices being better, and the number of pharmacies and wholesalers, on Defendants' platform are also false.  Having alleged this, and the other required elements of a Lanham Act false advertising claim, PharmSaver has also properly alleged its state law unfair competition and misleading advertising claims, as the claims are analyzed under the same standards.  Even if the state law claims were not analyzed under the same standards, PharmSaver has alleged claims under the FDUTPA, and for misleading advertising as well as common law unfair competition.

PharmSaver has similarly plausibly alleged its claim for defamation given the false statement referred to above.  Defendants' argument that the statements are opinion, and thus not actionable, is makeweight since the statements are capable of being proved, and are, false.  Further, the statement that PharmSaver "rips [] off" its customers is defamatory *per se* and damages are presumed.

2

Finally, PharmSaver's tortious interference claim survives because Defendants acted intentionally and they make no argument that their conduct was justified.  Defendants also ignore the allegations that their conduct interfered with not just pharmacies, but also PharmSaver's "wholesale partners".

## FACTS

PharmSaver is the leading platform for independent pharmacists to use an advance ordering system and online tools to maximize rebates. (Compl. ¶ 12).

There is no cost for pharmacists or other end users to join the platform. Instead PharmSaver is funded by the wholesalers with whom it partners, who pay PharmSaver a commission for each transaction on its platform.  (*Id.* ¶ 13).

Defendants EzriRx and Green, who is EzriRx's sole member and manager, are competitors of PharmSaver.  (*Id.* ¶¶ 14-15).

Starting on Thursday February 23, 2023, Defendants posted a Google ad which states as follows: "**switch to EZriRx & save moolah – PharmSaver rips you off**. Over 5000 pharmacies are getting a better price on our platform. Get a demo to see why. Compare and shop from 30+ NABP accredited wholesalers AW. Get a demo & join for free today!" (*Id.* ¶ 18) (emphasis in the original).

Anyone searching PharmSaver on Google would automatically be directed to this false attack ad.  (*Id.* ¶ 19).

The ad is false because it implies that the pharmacists who use PharmSaver pay some sort of fee to PharmSaver, but that is not the case. More generally, the term "rip off," is defined in Merriam-Webster dictionary, and commonly understood to mean "an act or instance of stealing": "theft" and "a financial exploitation." The Cambridge University Dictionary defines "rip someone off" as "to cheat someone by charging too much money or to steal something." Thus, the ad not only necessarily but falsely represents that PharmSaver is actually itself charging its users or that the prices on PharmSaver's platform are more expensive than Defendants', but also that PharmSaver is deliberately engaged in a dishonest trade practice to cheat its platform users.  (*Id.* ¶ 20).

Even to the extent that the ad is merely attempting to convey that PharmSaver is "rip[ping] off" pharmacists by introducing them to inferior prices as compared to EzriRx, that statement is also false. Where there are wholesalers in common on the two platforms, the prices are as good if not better on PharmSaver's. (*Id.* ¶ 21).

EzriRx' s ad takes liberties with the truth even on smaller points. As its own website and YouTube video make clear, EzriRx neither has 5,000 pharmacies nor does it have 30+ NABP accredited wholesalers.  (*Id.* ¶ 22).

4

## **ARGUMENT**

### A.    **Plaintiff Sufficiently Alleges A Violation Of The Lanham Act (Count I)**

"To succeed on a false advertising claim under § 43(a)(1)(B) of the Lanham Act, a plaintiff must establish that (1) the advertisements of the opposing party were false or misleading; (2) the advertisements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on purchasing decisions; (4) the misrepresented product or service affects interstate commerce; and (5) the movant has been——or is likely to be——injured as a result of the false advertising."  *Star-Brite Distrib., Inc. v. Gold Eagle Co.*, No. 14-61841-CIV, 2016 WL 4470093, at *2 (S.D. Fla. Jan. 25, 2016); *see also* 15 U.S.C. § 1125(a).

Defendants claim that PharmSaver has not alleged certain elements of this claim, relying solely on the allegations in the cause of action itself, but they ignore the allegations elsewhere in the Complaint, (Compl. ¶¶ 18-25), which are incorporated therein.  (*Id.* ¶ 26).  Contrary to Defendants' arguments, PharmSaver has plausibly alleged each of these elements.

First, PharmSaver plausibly alleges that the advertisement's statement that "Pharmsaver rips you off" is false because it implies both that PharmSaver charges its pharmacy users or that the prices on PharmSaver's platform are more expensive than Defendants, both of which are alleged to be untrue, and also that PharmSaver is cheating its platform users, which is also alleged to be untrue.  (*Id.* ¶ 20).

5

PharmSaver also alleges that where there are wholesalers in common on its platform and Defendants', the prices are as good if not better on PharmSaver's. (*Id*. ¶ 21). Finally, the Complaint alleges that even per EzriRx's own website and YouTube videos, EzriRx neither has 5,000 pharmacies nor does it have 30+ NABP accredited wholesalers. (*Id*. ¶ 22). Thus, PharmSaver has plausibly alleged the first element of the claim. *See Altor Locks, LLC v. Proven Indus., Inc*., No. 8:22-CV-597-MSS-TGW, 2022 WL 17987073, at *3 (M.D. Fla. Oct. 18, 2022) (denying motion to dismiss false advertising claim where plaintiff alleged defendants made false statements and quoted social media posts with the false statements); *Wyndham Vacation Ownership, Inc. v. Miller*, No. 619CV817ORL40EJK, 2019 WL 5394074, at *6 (M.D. Fla. Oct. 11, 2019) (denying motion to dismiss Lanham Act false advertising claim).

Second, because the statements in the advertisement are actually false, PharmSaver need not allege consumer deception. *Star-Brite Distrib., Inc. v. Kop-Coat, Inc*., 664 F. Supp. 2d 1246, 1254 (S.D. Fla. 2009); *North American Medical, Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1224, n. 11 (11th Cir. 2008) ("once a court deems an advertisement to be literally false, the movant need not present evidence of consumer deception."); *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002).

Nevertheless, contrary to Defendants' contention, PharmSaver has alleged that the advertisement had the capacity to deceive consumers.  (Compl. ¶¶ 19-20, 28) (ad would imply that pharmacists were being ripped off, and that PharmSaver was deliberately engaged in a dishonest trade practice and such statements had the capacity to deceive consumers, including both the pharmacies and PharmSaver's partner wholesalers).  Furthermore, at the pleading stage, a plaintiff is not required to submit evidence of deception; rather it is enough to allege that the statement is deceptive, as PharmSaver has done.  *Regent Grand Mgmt. Ltd. v. Tr. Hosp. LLC*, No. 18-21445-CIV, 2018 WL 8334080, at *4 (S.D. Fla. Dec. 14, 2018) (denying motion to dismiss Lanham Act false advertising claim).

Third, materiality is established where "the defendants misrepresented an inherent quality or characteristic of the product."  *Johnson & Johnson*, 299 F.3d at 1250 (*quoting Nat'l Basketball Ass'n v. Motorola, Inc*., 105 F.3d 841, 855 (2d Cir.1997) (internal quotations omitted).)  As set forth above, the Defendants misrepresented the quality of PharmSaver's product in several ways, including by suggesting that pharmacies pay PharmSaver when they do not, and that Pharmsaver is deliberately attempting to cheat its customers.  Accordingly, this third element is satisfied.

Fourth, there should be no dispute that the misrepresented product or service affects interstate commerce.  PharmSaver alleges that it has customers throughout the United States.  (Compl. ¶ 24).

Fifth, PharmSaver alleges that it has been, or is likely to be, injured as a result of the false advertising.  The Complaint alleges that Defendants have caused Plaintiff to lose customers, (Compl. ¶ 10), that it is suffering harm to its good will and reputation, (*id*. ¶ 25), and that it risks losing commissions from wholesalers on sales generated on the platform from pharmacies, meaning that a loss of a non-paying pharmacist would injure PharmSaver as a result of the lost commission. (*Id*.)  This is sufficient to allege the final element.  *Gilead Scis., Inc. v. AJC Med. Grp., Inc*., No. 20-24523-CIV, 2021 WL 8534243, at *18 (S.D. Fla. Nov. 29, 2021) (allegations that plaintiff was suffering "irreparable harm" in connection with the value of its marks and its reputation in the pharmaceutical industry establish injury and thus plaintiff had alleged "a plausible federal claim for false advertising").

**B.    PharmSaver's State Law Claims Survive Because Its Lanham Act Claim Is Plausibly Alleged**

Defendants argue that because PharmSaver's Lanham Act claim is not plausibly alleged, Plaintiff's state law claims must be dismissed as well.  (Mot. at 4-5).  The flip side of this is, of course, that if PharmSaver's Lanham Act claim is plausibly alleged, which it is for the reasons stated above, its state law FDUTPA and unfair competition claims are as well.  *Sovereign Military Hospitaller Order of*

*Saint John of Jerusalem of Rhodes & of Malta v. Fla. Priory of Knights Hospitallers of Sovereign Order of Saint John of Jerusalem, Knights of Malta, Ecumenical Order,* 702 F.3d 1279, 1296 (11th Cir. 2012) ("[t]he success of [a plaintiff's] state unfair competition and FDUTPA claims is tied to the federal Lanham Act claims for infringement and false advertising."); *Suntree Techs., Inc. v. Ecosense Int'l, Inc*., 693 F.3d 1338, 1345 (11th Cir. 2012); *Regent Grand Mgmt.*, 2018 WL 8334080, at \*6.

### C.   PharmSaver States A Claim For Violation Of FDUTPA

The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Fla. Stat. § 501.204(1).[1]

To state a claim under the FDUTPA, a plaintiff must allege: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Westgate Resorts, Ltd. v. Reed Hein & Assocs*., LLC, No. 6:18-cv-1088, 2018 WL 5279156, at \*5 (M.D. Fla. Oct. 24, 2018) (denying motion to dismiss FDUTPA claim). "An act or practice is deceptive if likely to mislead the consumer acting reasonably in the circumstances to the consumer's detriment." *Westgate Resorts, Ltd. v. Castle Law*

---

[1] "Trade or commerce" is defined as "the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." Fla. Stat. § 501.203(8).

*Group, P.C.*, No. 6:17-cv-1063, 2020 WL 264676, at *6 (M.D. Fla. Jan. 2, 2020). An act is unfair if "it causes consumer injury that is substantial, not outweighed by any countervailing benefits to consumers or competition, and one that consumers themselves could not have reasonably avoided." *Id.* It is well settled that "[b]usinesses may bring claims under FDUTPA against competitors…", *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients*, LLC, No. 16-62364-CIV, 2017 WL 8751753, at *3 (S.D. Fla. Feb. 10, 2017) (denying motion to dismiss FDUTPA claim), but still must allege a detriment to consumers, *Caribbean Cruise Line, Inc. v. Better Bus. Bureau of Palm Beach Cty., Inc.*, 169 So. 3d 164, 169 (Fla. 4th DCA 2015).

Under Florida law, because an objective test is employed in determining whether a practice was likely to deceive, "[a] party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue." *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016).

As with its Lanham Act false advertising claim, Plaintiff has alleged a deceptive practice, to wit the false advertisement, (Compl. ¶ 18), how it is likely to mislead a consumer to thinking that PharmSaver is either deliberating attempting to rip off consumers or at the very least that its prices are higher than those at EzriRx, (*id.* ¶ 21), how it is likely cause consumer confusion to the detriment of the consumers, (*id.* ¶¶ 32-33), and damages, (*id.* ¶¶ 32-34). Such claims are sufficient

to state a claim under the FDUTPA. *Altor Locks*, 2022 WL 17987073, at *4 (allegations that infringement is likely to mislead consumers acting reasonably to their detriment sufficient to state FDUTPA claim); *Westgate Resorts*, 2018 WL 5279156, at *5 (upholding FDUTPA claim where defendant falsely guaranteed to relieve owners of time share obligations).

Defendants argue that Rule 9(b) requires PharmSaver to plead with particularity the "who, what, when, where and how" of all the elements of the FDUTPA claim. This is incorrect.

First, courts in the Middle District of Florida are split as to whether a claim for relief under FDUTPA must also meet Rule 9(b)'s heightened pleading standard. *Altor Locks*, 2022 WL 17987073, at *4 (comparing cases). Other courts within the circuit, moreover, do not apply Rule 9(b) to any FDUPTA claims, regardless of whether they sound in fraud or not, because "FDUTPA was enacted to provide remedies for conduct outside the reach of traditional common law torts like fraud," and thus "the plaintiff need prove the elements of fraud to sustain a cause of action under the statute" and "the heightened pleading requirements of Rule 9(b) cannot serve as a basis to dismiss FDUTPA claims." *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1355 (S.D. Fla. 2012). In what appears to be a matter of first impression for this Court, it is respectfully submitted that the rationale in *Guerrero*, and other cases like it, should be adopted. *See also Eli Lilly & Co. v. Tyco*

*Integrated Sec., LLC.*, No. 13-80371-CIV, 2015 WL 11251732, at *3 (S.D. Fla. Feb. 10, 2015) (Rule 9(b) does not apply to FDUTPA claim).

Second, Rule 9(b) requires only that the circumstances of the fraud itself be pleaded with particularity, not every element of the claim. *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) ("The application of Rule 9(b), however, must not abrogate the concept of notice pleading" and explaining that 9(b) is satisfied if particularity was set forth with respect to the statements or omissions) (internal quotation marks omitted). PharmSaver has alleged the who, what, when, where and how of the alleged statements here, namely the statements in the Google advertisement made by Defendants. (Compl. ¶ 18). Thus, the requirements of Rule 9(b) have been satisfied. *Altor Locks*, 2022 WL 17987073, at *4 (particularity requirements satisfied when statements were set forth in exhibit to complaint); *New England Lead Burning Co., Inc. v. Doral Imaging Inst., LLC*, No. 12-23883-CIV, 2013 WL 12149620, at *2 (S.D. Fla. Dec. 31, 2013) (assuming 9(b) particularity requirements applied, plaintiff had met them by pleading the statements and the dates and forms of the communications).

Defendants also suggest that somehow their statements were "mere puffery or opinion." (Mot. at 6-7). Because these statements are, however, "capable of measurement" by, for example, comparison of the prices on the two platforms, how many customers received a better price on Defendants' platform, if any, and how

many wholesalers are actually available through Defendants' platform, these are "factual statements … [and] are not puffery."  *McNider Marine, LLC v. Cain & Daniels, Inc.*, No. 817CV2561T24JSS, 2018 WL 1382768, at *4 (M.D. Fla. Mar. 19, 2018) (statements that there would be no cost to Plaintiffs unless a settlement satisfactory to Plaintiffs was reached, representations about the amount of C&D's fee, and representations regarding which entity was receiving the initial settlement payment "are statements of fact, not opinion"); *see also Westgate Resorts*, 2018 WL 5279156, at *5, 9 (statements, including "100% guarantee", were not mere puffery or non-actionable opinion based on allegations in the complaint).

Defendants next argue that PharmSaver has not suffered actual damages, because the advertisement was online for only a few days.  (Mot. at 7).[2] PharmSaver, however, has alleged that that it did suffer monetary damages, and also seeks injunctive relief.  (Compl. ¶ 34; *see also id.* ¶ 25).  *CareerFairs.com v. United Bus. Media LLC*, 838 F. Supp. 2d 1316, 1325 (S.D. Fla. 2011) (finding requirement of actual damages and injunctive relief properly pled where plaintiff alleged how defendants caused harm to plaintiff); s*ee also Omni Healthcare, Inc. v. Health First, Inc.*, No. 6:13-CV-1509-ORL, 2015 WL 275806, at *14 (M.D. Fla. Jan. 22, 2015) (declining to dismiss FDUTPA claim based on claimed lack of

---

[2] As set forth below, the Complaint does not allege the advertisement was on the internet for only a few days and this is not a proper fact to consider under Rule 12(b)(6).  The advertisement was available from February 23, 2023 to at least March 5, 2023.

actual damages: "[r]egardless of its validity, that argument is not grounds for dismissal; Plaintiffs have requested declaratory and injunctive relief in addition to monetary damages…The Court declines at the pleading stage to pass on which damages, if any, Plaintiffs will ultimately be entitled.")

### D. <u>Plaintiff Sufficiently Alleges Its Claim For Misleading Advertising</u>

"A party may state a claim for statutory misleading advertising under Florida law by pleading that the party relied on some identifiable alleged misleading advertising plus, where appropriate, all of the other elements of the common law tort of fraud in the inducement…" *Millenium Labs., Inc. v. Universal Oral Fluid Labs., LLC*, No. 8:11-CV-1757-MSS-TBM, 2012 WL 12906334, at *4 (M.D. Fla. Aug. 2, 2012). When, as here, the party alleging misleading advertising is a competitor of the defendant in selling the goods or services, an allegation of competition is permitted to "stand-in" for the element of direct reliance that a consumer is obligated to plead. *Platinum Properties Inv. Network, Inc. v. Sells*, No. 18-CV-61907, 2019 WL 3940153, at *2 (S.D. Fla. Aug. 21, 2019) (citing cases).

Defendants' only argument against this claim is that it has not been pled with particularity because the count itself pleads only the elements of the claim. (Mot. at 8). This argument ignores, as above, the allegations in the body of the complaint, (Compl. ¶¶ 18-25), which are incorporated by reference, (*id.* ¶ 36), and which, for all the reasons set forth above, particularly allege that Defendants made

14

the specified false statements in a Google sponsored ad starting on February 23, 2023, that it was with the intent that the pharmacists and wholesalers rely on them, and that PharmSaver suffered injury as a result of the false statements in the advertisement.  (*Id*. ¶¶ 18-25, 37-40).

### E.    Plaintiff Has Alleged Common Law Unfair Competition

To establish a claim for unfair competition, Florida law "requires that [plaintiff] establish deceptive or fraudulent conduct of a competitor and likelihood of consumer confusion."  *Regent Grand Mgmt. Ltd.*, 2018 WL 8334080, at *6 (*quoting Donald Frederick Evans and Assoc. v. Continental Homes, Inc*., 785 F.2d 897, 914 (11th Cir. 1986).); *see also Webster v. Dean Guitars*, 955 F.3d 1270, 1277 (11th Cir. 2020) (elements under an unfair competition claim under Florida law are "deceptive or fraudulent conduct of a competitor and likelihood of consumer confusion.")  Again, Defendants' argument against this claim is only that paragraphs 43 and 44 of the Complaint do not allege the elements of this claim. (Mot. at 8).  However, as set forth above, Defendants ignore the paragraphs in the body of the Complaint, ¶¶ 18-25, that set forth these elements, and which are incorporated by reference into this claim.  (*Id*. ¶ 42).

### F.    Plaintiff States A Claim For Defamation

To recover for defamation under Florida law, "a plaintiff must demonstrate that: 1) the defendant published a false statement; 2) about the plaintiff; 3) to a

third party; and 4) the [plaintiff] suffered damages as a result of the publication."
*Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 (S.D. Fla. 2006).  For all the
reasons set forth above, PharmSaver has alleged that Defendants published a false
statement, namely that PharmSaver was ripping off consumers, to third parties,
including pharmacies and/or wholesalers who would view the ad on the internet,
and that it has suffered damages.  (Compl. ¶¶ 18-25, 48-50).

Defendants argue that the statements in their advertisement were opinion
and thus not actionable.  (Mot. at 9).  For the reasons set forth above, this argument
is without merit.  The statement concerning whether PharmSaver was
"rip[ping]…off" its customers, i.e. stealing from them, is capable of being proven
false, and therefore cannot constitute opinion.  *Info Sys. & Networks Corp. v. City
of Atl.*, 281 F.3d 1220, 1228 (11th Cir. 2002) (Statements of opinion are "subjective
by definition" and "not capable of being proved false.")

Defendants next argue that PharmSaver has not identified how its reputation
was damaged nor has it not alleged damages because the advertisement was not
defamatory and was only online for a few days.  (Mot. at 9-10).  First, Defendants'
premise that the statement that PharmSaver was ripping people off is not
defamatory is completely without basis, as it defamatory *per se*.  *Solis v.
Okeechobee Shooting Sports, LLC*, No. 19-14440-CIV, 2020 WL 3089094, at *3
(S.D. Fla. Mar. 26, 2020), report and recommendation adopted, No. 2:19-CV-

14440, 2020 WL 3089091 (S.D. Fla. Apr. 20, 2020) (accusation that the Plaintiff stole money was defamatory because it accused plaintiff of criminal activity of a serious nature "such as theft", and "also could be construed as impugning her work reputation."); *Girard v. S/V "Doubletime"*, No. 11-10045-CIV, 2011 WL 13319139, at *3 (S.D. Fla. Oct. 17, 2011), report and recommendation adopted, No. 11-10045-CIV, 2011 WL 13319225 (S.D. Fla. Nov. 22, 2011) (statement that plaintiff stole defendants' boat defamatory *per se*); *see also Daniels v. HSN, Inc.*, No. 818CV3088T24JSS, 2020 WL 533927, at *3 (M.D. Fla. Feb. 3, 2020) (publication is defamatory *per se* "if, when considered alone and without innuendo, it (1) charges that a person has committed an infamous crime; (2) tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; or (3) tends to injure one in his trade or profession.").  Here, the statement both accuses PharmSaver of theft and injures it reputation.

Second, as noted, Defendants' claim that the advertisement was online for only a few days is not alleged in the complaint, and is not a proper purported fact for this Court to consider on a Rule 12(b)(6) motion to dismiss.  In any event, this goes, at best, to the amount of damages to be awarded, and is not a basis for dismissal.  *See Grayson v. No Labels, Inc.*, 601 F. Supp. 3d 1251, 1256 (M.D. Fla. 2022) (as to special damages for defamation *per se* "[t]here is no exact standard for

fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.")

Third, and finally, because the false statement accused PharmSaver of theft, (Compl. ¶¶ 18, 20), it is defamatory *per se*, as set forth above.  When a defendant's statement is *per se* defamatory, the plaintiff need not prove that he was damaged by the statement because it is presumed that the statement caused him damage. *Daniels*, 2020 WL 533927, at *4; *see also Alan v. Wells Fargo Bank, N.A.*, 604 Fed. Appx. 863, 865 (11th Cir. 2015); *Risk Insurance and Reinsurance Solutions v. R + V Versicherung*, 2007 WL 9700868, at *7 (S.D. Fla. June 6, 2007).

### G.   PharmSaver Alleges Tortious Interference

To state a claim under Florida law for tortious interference with a business relationship, the plaintiff must establish: (1) the existence of a business relationship between the plaintiff and a third party, (2) the defendant's knowledge of the relationship, (3) the defendant's intentional and unjustified interference with the relationship, and (4) damages resulting from the defendant's interference.  *Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 228 F. Supp. 3d 1292, 1301 (M.D. Fla. 2017).

Defendants argue that PharmSaver has not alleged that Defendants intentionally and unjustifiably interfered with a relationship with an identifiable customer or prospective customer.  (Mot. at 10-11).  In placing the advertisement, it cannot be denied that Defendants acted intentionally, and Defendants make no

18

argument as to why their actions were justified.  Insofar as the statements were false, the actions were undeniably unjustified.

As to Defendants' claim that PharmSaver has not identified any parties with whom Defendants interfered, "an ongoing relationship with a current customer or a potential relationship with a future customer may be protected." *Hill Dermaceuticals, Inc*., 228 F. Supp. 3d at 1301.  PharmSaver has alleged that Defendants' conduct interfered not only with pharmacists who "join" the platform, (Compl. ¶ 2), but also wholesalers who fund the platform by paying PharmSaver commissions for transactions made on the platform, (*id*. ¶¶ 54-55).  These pharmacists and wholesalers are specific entities that, respectively, join PharmSaver's platform or partner with PharmSaver.  PharmSaver has therefore alleged identifiable customers as well as partners.  (*See also id*. ¶¶ 12-13 (referring to PharmSaver's "wholesale partners" and "wholesalers with whom it partners")).

For this same reason, Defendants' argument that dismissal is required because PharmSaver alleged "nothing more than a relationship with the consuming public at-large" fails.  Similarly, contrary to Defendants' argument, the allegations by PharmSaver are not that it had a mere hope that customers would return, but that it had pharmacists who had joined and partner wholesalers with whom Defendants interfered.  Finally, Defendants' claim that it did not have knowledge of these relationships is contradicted by PharmSaver's allegations, and even

Defendants' own false advertisement, since it referred to Defendants' claimed relationships with wholesalers.  Since Defendants claimed to have the same sort of platform, it is plausible that Defendants knew how pharmacists used PharmSaver and of PharmSaver's arrangements with wholesalers.

### H.  Leave To Amend Should Be Granted

Should this Court grant any of Defendants' motion to dismiss, dismissal should be with leave to file a Second Amended Complaint.[3]  *Bauer as next friend of E.B. v. Chronister*, 618 F. Supp. 3d 1334, 1346 (M.D. Fla. 2022) (Mizelle, J.) (granting motion to dismiss but also granting request for leave to amend); *United States ex rel. Zafirov v. Fla. Med. Assocs. LLC*, No. 19-CV-1236-KKM-SPF, 2021 WL 4443119, at *1 (M.D. Fla. Sept. 28, 2021) (granting motion to dismiss with leave to file an amended complaint); *Allison v. Parise*, No. 8:12-CV-1313-T-17EAJ, 2013 WL 877111, at *5 (M.D. Fla. Mar. 8, 2013); *Regions Bank v. Kaplan*, No. 12-CV-1837-T-17MAP, 2013 WL 1193831, at *16 (M.D. Fla. Mar. 22, 2013).

### CONCLUSION

Defendants' motion should be denied in its entirety.

---

[3] Plaintiff filed the Amended Complaint on March 9, 2023 in response to this Court's *sua sponte* order finding that the complaint constituted an impermissible shotgun pleading and requiring an amended complaint to be filed. (ECF No. 5).

Dated:        Miami, Florida
              May 19, 2023

                              Respectfully submitted,


                              By: _/s/ Andrew K. Levi_____
                              Andrew K. Levi, Esq.
                              Florida Bar No.: 48774
                              **LEHR LEVI & MENDEZ P.A.**
                              1401 Brickell Avenue, Suite 910
                              Miami, FL 33131
                              Telephone: 305-377-1777
                              Fax: 305-377-0087
                              E-mail: alevi@llmlawfirm.com

                                    -and-

                              Jeffrey M. Eilender, Esq. (*pro hac vice*)
                              Samuel L. Butt, Esq. (*pro hac vice*)
                              **SCHLAM STONE & DOLAN LLP**
                              26 Broadway
                              New York, NY 10004
                              Telephone: 212-344-5400
                              Fax: 212-344-7677
                              E-mail: jeilender@schlamstone.com
                              E-mail: sbutt@schlamstone.com

                              *Attorneys for Plaintiff PharmSaver LLC*

21