UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PHARMSAVER LLC,

    Plaintiff,

v.                                  Case No. 8:23-cv-00504-KKM-TGW

EZRIRX, LLC et al.,

    Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    **Scope.** All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is

1

also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced or, in the case of electronically stored information transmitted electronically, the file folder containing such information shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for

32539257.1

labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

4. **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. When specific testimony is designated for protection in real time during deposition, all persons not qualified to receive that category of information must leave the room prior to continuation of the deposition and until the conclusion of such designated testimony. This leave-the-room requirement does not apply to the temporary blanket designation, which is for convenience, addressed in the next sentence. By statement on the record a party may temporarily designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the designating party shall review the transcript within 14 days of the receipt thereof and specifically designate the testimony and

4

exhibits that will be protected under this Order. Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

6. **Protection of Confidential Material.**

(a) **Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

(2) **Parties.** Parties and employees of a party to this Order.

(3) **The Court.** The Court and its personnel.

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(5) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.

(6) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(7) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(b) **Protection of Documents Designated ATTORNEYS EYES ONLY.** Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be

allowed to review documents that have been designated ATTORNEYS EYES ONLY.

    (1)  **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

    (2)  **The Court.** The Court and its personnel.

    (3)  **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

    (4)  **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document.

    (5)  **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, and approved for access under Paragraph 7 below.

    (6)  **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as

may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

(d) **Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

(e) **Inadvertent Production.** An inadvertent failure to designate a document as CONFIDENTIAL or ATTORNEYS EYES ONLY does not, standing alone, waive the right to so designate the document. If a party designates a document for protection under this Order after it was initially produced, the

8

receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated for protection under this Order, even where the failure to so designate was inadvertent and where the material is subsequently designated for protection under this Order. Otherwise, inadvertent production of any document or information without a designation of CONFIDENTIAL or ATTORNEYS EYES ONLY shall be governed by Fed. R. Evid. 502.

7. **Procedure for Access by Consultants, Investigators and Experts.** A party seeking to have a consultant, investigator, or expert approved for access to CONFIDENTIAL or ATTORNEYS EYES ONLY material under Paragraphs 6(a)(6) and 6(b)(5), respectively, shall provide the designating Party with a current resume or curriculum vitae of such person and a copy of the completed and signed Acknowledgement of Understanding and Agreement to Be Bound. A party may object by email to the person proposed for approval within seven days of receiving the information and signed undertaking if facts available to that Party give it reason to believe that there is a reasonable likelihood that the designated person may use designated material for purposes other than work specific to this case. If a Party so objects, the Parties shall, within seven days of receiving the notice of objection, confer and attempt to resolve the

32539257.1

dispute. If the Parties cannot resolve the dispute within seven days from the date of the notice of objection, the objecting Party may ask the Court for an order that access to designated material be denied to the designated person, such motion or request must be submitted to the Court within 14 days of the notice of objection (or the objection is waived), and the person for whom access is sought may not have access unless the Court permits it.

8. **Filing of CONFIDENTIAL or ATTORNEYS EYES ONLY Documents Under Seal.** The Parties shall comply with L.R. 1.11 for obtaining leave to file under seal, including the requirements of L.R. 1.11(d) if the material is designated by another Party. To the extent that it is necessary for a party to discuss the contents of any material designated by another Party for protection under this Order in a document filed with this Court, then such portion of the document shall be filed only after the Party seeking to discuss the documents complies with Local Rule 1.11. In such circumstances, counsel shall prepare two versions of the document: a public and a sealed version. The public version shall contain a redaction of references to CONFIDENTIAL or ATTORNEYS EYES ONLY material. The sealed version shall be a full and complete version of the document and shall be filed with the Clerk, and a copy of the unredacted, sealed version shall be emailed to all counsel of record at the time of filing.

Because L.R. 1.11(f) lifts the seal at the end of the case, the Parties may file a joint motion to extend the seal at the conclusion of the case if any material

32539257.1

designated for protection under this Order is filed under seal on the docket during the course of the case.

In any event, if a Party believes that another Party has filed more designated material or information than necessary to support the respective filing (either publicly or under seal), then that Party may move the Court to strike the designated material or information from the public docket as unnecessary or seek other appropriate judicial relief.

9. **Challenges by a Party to a Designation for Protection Under this Order.** Any CONFIDENTIAL or ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement. If an agreement cannot be reached, the objecting party shall request, within a reasonable time, that the Court cancel or modify a designation. The burden of demonstrating the CONFIDENTIAL or ATTORNEYS EYES ONLY nature of the information so designated shall at all times be and remain on the designating party.

10. **Action by the Court.** Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion under Local Rule 3.01 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Applicability to Non-Parties.** This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this litigation.

13. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of Documents Designated for Protection Under this Order.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in ¶6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of any documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY and any work-product derived therefrom as counsel reasonably deems necessary to the proper maintenance of counsel's files with respect to this action. Such copies shall not be disclosed to anyone outside of counsel's law firm, and the attorney in possession will continue to be bound by this Order with respect to any retained information.

(c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel

13

for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

14. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

15. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Attorneys Allowed To Provide Advice.** Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated for protection under this Order, provided that the contents of the information must not be disclosed to persons not authorized under this Order.

17. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: Sept. 28, 2023

*Thomas G. Wilson*
Thomas G. Wilson
U.S. Magistrate Judge

**WE SO MOVE/STIPULATE** and agree to abide by the terms of this Order.

Dated this 22nd day of September, 2023

/s/ *Matthew J. Cavanagh*
Matthew J. Cavanagh, Esq.
Ohio Bar No. 0071622
Admitted *Pro Hac Vice*
MCDONALD HOPKINS, LLC
600 Superior Ave. East, Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
mcavanagh@mcdonaldhopkins.com

– and –

Joshua L. Resnick, Esq.
Florida Bar No. 1018133
501 South Flagler Drive, Suite 200
West Palm Beach, Florida 33401
Telephone: (561) 472-2121
Facsimile: (561) 472-2122
jresnick@mcdonaldhopkins.com
acrocco@mcdonaldhopkins.com
*Counsel for Defendants*

Respectfully submitted,

/s/ *Andrew K. Levi*
Andrew K. Levi, Esq.
Florida Bar No.: 48774
LEHR LEVI & MENDEZ P.A.
1401 Brickell Avenue, Suite 910
Miami, FL 33131
Tel.: 305-377-1777
Fax: 305-377-0087
E-mail: alevi@llmlawfirm.com

– and –

Jeffrey M. Eilender, Esq. (*pro hac vice*)
Samuel L. Butt, Esq. (*pro hac vice*)
SCHLAM STONE & DOLAN LLP
26 Broadway
New York, NY 10004
Tel.: 212-344-5400
Fax: 212-344-7677
E-mail: jeilender@schlamstone.com
E-mail: sbutt@schlamstone.com
*Attorneys for Plaintiff PharmSaver LLC*

15

32539257.1